IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Crim. No. 07-118-SLR Civ. No. 10-747-SLR |
| JODY CHUBBS, | ) ) |  |
| Defendant. | ) ) |  |

### MEMORANDUM ORDER

At Wilmington this 8th day of August, 2013, having considered plaintiff's motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, plaintiff's motion to dismiss defendant's motion to vacate, set aside or correct sentence (D.I. 83) is granted.

1. **Background.** On September 4, 2007, a federal grand jury returned a seven count indictment charging defendant with bank fraud, social security fraud, and aggravated identity theft. (D.I. 11) A superseding indictment was filed on November 6, 2007, charging defendant with ten counts of new criminal conduct, including bank fraud and credit card fraud. (D.I. 23) The grand jury returned a second superseding indictment on April 1, 2008, charging defendant with additional counts of bank fraud, aggravated identity theft, and wire fraud. (D.I. 36)

2. On November 18, 2008, defendant entered a plea of guilty to eight counts of bank fraud and seven counts of credit card theft. (D.I. 53) The plea agreement provided, in part:

The defendant knowingly and voluntarily waives the right to take a direct

appeal from her conviction or sentence under 28 U.S.C. § 1291 or
18 U.S.C. § 3742, and **further waives the right to file a motion to vacate
sentence, under 28 U.S.C. § 2255, attacking her conviction or sentence,
and the right to file any other collateral proceeding attacking her
conviction or sentence.** This waiver is subject to the following exceptions:
(a) if the United States appeals from the sentence, the defendant may
take a direct appeal from the sentence; (b) the defendant may appeal
on the ground that the sentence exceeds the applicable statutory limits
set forth in the United States Code; (c) the defendant may appeal any
application of upward enhancements under the United States
Sentencing Guidelines other than those outlined in this plea agreement;
and (d) the defendant may appeal any upward variance pursuant to
18 U.S.C. § 3553(a) from the final sentencing guideline range as
calculated by the District Court.

(D.I. 54) (emphasis added).

    3. During the plea colloquy, the court reviewed each paragraph and posed

specific questions to defendant with respect to each section of the plea agreement.[1]

(D.I. 75 at 4-9) Specifically, with regard to the waiver issue, the court stated:

> Paragraph 11 is probably one of the most important paragraphs
> in this [plea agreement] and we will go over it carefully.
> In this paragraph, you have knowingly and voluntarily waived the
> right to take a direct appeal from your conviction or sentence under
> Title 28 of the United States Code, Section 1291, or Title 18 of the
> United States Code, Section 3742, and you have further waived the right
> file a motion to vacate sentence under Title 28 of the United States
> Code, Section 2255, attacking your conviction or sentence, and the
> right to file any other collateral proceeding attacking your conviction or
> sentence.
> This waiver is subject to the following exceptions. First, if the United
> States appeals from the sentence, you may take a direct appeal. Of
> course, usually the government will only appeal if the sentence is too
> low. I suspect you wouldn't want to appeal from that, so I don't know
> how significant that exception is.
> The second exception is that you may appeal on the ground that the

---

[1] As part of the plea agreement, plaintiff agreed to dismiss eight counts of the indictment, including count 18 which charged aggravated identity theft, in violation of 18 U.S.C. § 1028A. Count 18 would carry a mandatory two-year term of incarceration that would run consecutive to any other sentence.

2

> sentence exceeds the applicable statutory limits. That has never happened in this court, so I don't know how substantive that exception is, but it is an exception.
> Third, you may appeal any application of upward enhancements under the United States Sentencing Guidelines other than those outlined in this plea agreement. The government has reserved the right to ask for more enhancements. If it does and the court grants them, it appears to me as though you may appeal that.
> And, finally, you may appeal any upward variance pursuant to Title 18 of the United States Code, Section 3553(a) from the final sentencing guideline range, as calculated by the court.

(*Id.* at 9-11) In response to the court's inquiries, defendant stated affirmatively that she understood the rights to be waived and that the plea agreement accurately reflected the agreement reached with the government. She signed the plea agreement and the court adjudged her guilty.

4. On August 12, 2009, the court sentenced defendant to 97 months of imprisonment based on a sentencing guideline range of 97-121 months of imprisonment. (D.I. 76 at 89) The court's calculation included the enhancements outlined in the plea agreement, as well as an additional enhancement under U.S.S.G. § 3A1.1, which the court found applicable after considering evidence presented at the sentencing hearing. (*Id.* at 69) Defendant did not challenge the § 3A1.1 enhancement on appeal or in the petition at bar.

5. On September 1, 2010, defendant filed a pro se motion to vacate, set aside or correct the sentence imposed pursuant to 28 U.S.C. § 2255.[2] (D.I. 83) In her motion to vacate, defendant alleges that her attorney provided ineffective assistance of counsel

---

[2]The federal habeas statute permits an individual in custody to petition a court for release on the ground that his sentence was imposed in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255(a).

3

by: (1) not requesting a downward departure based on extraordinary acceptance of responsibility; and (2) failing to investigate allegations related to defendant's use of a friend's credit card. (D.I. 83) In response, the government moves for dismissal of the petition, based on the appellate waiver provision contained in defendant's plea agreement. (D.I. 89)

6. **Discussion.** Criminal defendants may waive both constitutional and statutory rights, including the right to appeal, "provided they do so voluntarily and with knowledge of the nature and consequences of the waiver" and the enforcement of the waiver "does not work a miscarriage of justice." *United States v. Mabry,* 536 F.3d 231, 236-37 (3d Cir. 2008). It is the defendant's burden to establish that her waiver was unknowing or involuntary.

7. The court has an affirmative and "an independent obligation to conduct an evaluation of the validity of a collateral waiver." *Id.* at 238. Specifically, the court must examine the "(1) knowing and voluntary nature, based on what occurred and what defendant contends; and (2) whether enforcement would work a miscarriage of justice." *Id.* at 237-38.

8. In determining whether a miscarriage of justice would occur if the waiver were enforced, there is no specific list of circumstances that would constitute a miscarriage of justice. *Id.* at 242. Rather, the court must apply a common sense approach and evaluate "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which

4

the defendant acquiesced in the result." *Id.* at 242-43 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001). To that end, "granting an exception to a waiver based on a miscarriage of justice must be done sparingly and only where manifest injustice would otherwise result." *United States v. Wilson,* 429 F.3d 455, 458 (3d Cir. 2005) (quoting *Teeter*, 257 F.3d at 26).

9. Having reviewed the transcript of the guilty plea hearing, as well as the parties' submissions, the court concludes that defendant's waiver of her appellant rights in exchange for certain promises from the government was knowing and voluntary. As mandated by *Mabry*, the transcript of the plea hearing reflects that the court explained the specific terms of the plea agreement and questioned defendant to confirm that she understood the meaning of the provisions. Before explaining the waiver paragraph, the court identified that section as "one of the most important" and reviewed, in detail, the rights defendant was relinquishing in exchange for the deal reached with plaintiff. This exchange clearly demonstrates that defendant's waiver was knowing and voluntary.

10. A collateral attack pursuant to § 2255 survives a waiver only with respect to those discrete claims that relate directly to the negotiation of the waiver. *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007); *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999). In defendant's § 2255 motion, she does not contend that there were any defects in the waiver agreement or that she did not understand, or involuntarily entered, into the plea agreement. Significantly, defendant does not allege any deficient conduct by her attorney in relation to the plea agreement or waiver. Instead, defendant submits that her attorney's representation was constitutionally deficient for not requesting a

5

downward departure for extraordinary acceptance of responsibility and for failing to investigate the alleged misuse of a friend's credit card. Defendant has not explained how these claims render the appellate waiver provision ineffective or how enforcement of the waiver would constitute a miscarriage of justice. As noted, the record clearly reflects that defendant entered into the plea agreement knowingly and voluntarily and received benefits from the bargain. The court's sentence was at the low-end of the recommended sentencing guideline range. Based on this record, enforcement of the appellate waiver agreeemnt does not constitute a miscarriage of justice.

11. **Evidentiary Hearing.** Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because of her knowing and voluntary waiver of her rights to appeal and collateral relief. Accordingly, the court the § 2255 motion is denied without an evidentiary hearing.

12. **Conclusion.** For the reasons stated, plaintiff's motion to dismiss (D.I. 83) is granted. Defendant's motion to vacate, set aside or correct sentence is dismissed.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable.

See 28 U.S.C. § 2253(c)(2) (A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011).

_____
United States District Judge